S. AMANDA MARSHALL
United States Attorney
District of Oregon
**STACIE F. BECKERMAN, OSB #062397**
Assistant United States Attorney
**PATRICK A. FLANAGAN, OSB #042841**
Special Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
Telephone:  (503) 727-1000
Facsimile:  (503) 727-1117
E-mail: Stacie.Beckerman@usdoj.gov
Attorneys for the United States of America

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | No. CR 11-164-01  (BR) |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **ROBERT H. BLOCK, JR.,** | |
| **Defendant.** | Sentencing Date: December 13, 2011, 2:30 p.m. |

The United States of America, by and through S. Amanda Marshall, United States Attorney for the District of Oregon, Assistant United States Attorney Stacie Beckerman, and Special Assistant United States Attorney Patrick Flanagan, respectfully submits this sentencing memorandum.

On September 8, 2011, defendant Robert H. Block pleaded guilty to one count of violating the Clean Water Act (Discharging a Pollutant Without a Permit), in violation of 33 U.S.C. §§ 1311(a), 1319(c)(1)(A), and 1344, and one count of violating the Endangered Species Act (Unlawful Taking of Wildlife), in violation of 16 U.S.C. §§ 1538(a)(1)(G) and 1540(b)(1). The Court is scheduled to sentence defendant on December 13, 2011.

**Page 1 -**     GOVERNMENT'S SENTENCING MEMORANDUM
          *United States v. Robert H. Block, No. CR 11-164-01 (BR)*

Consistent with the terms of the plea agreement, the government respectfully recommends that the Court sentence defendant to five years of probation, impose the mandatory minimum fine of $2,500, and require as a condition of probation that defendant abide by all terms of the United States Environmental Protection Agency (EPA) Restoration Plan, designed to mitigate the damage defendant caused to Gales Creek and its threatened Upper Willamette River (UWR) steelhead. The government further recommends that one-half of the $2,500 fine be paid to the Oregon Governor's Fund for the Environment.

I.  **FACTUAL BACKGROUND**

Gales Creek is a major tributary that enters the Tualatin River approximately 1.5 miles south of Forest Grove, Oregon. UWR steelhead use Gales Creek as a migration route and for spawning and incubation. UWR steelhead also use Gales Creek for juvenile rearing and juvenile outmigration. UWR steelhead are listed as a threatened species pursuant to the Endangered Species Act. 50 C.F.R. § 17.11(h).

Defendant Robert H. Block, Jr. is the owner of a parcel of property that abuts Gales Creek in Gales Creek, OR. In early October 2009, defendant and his brother used an excavator to move earthen materials within the Gales Creek stream channel in an effort to divert the flow of the stream away from his property. In so doing, defendant drove his excavator in and through Gales Creek, removed earthen material from the far bank, and deposited those materials in a pile near the bank adjacent to defendant's property. This action created a berm that was designed to divert the stream from its natural course.

Defendant also hired co-defendant David Dober, Sr. to continue and complete the desired work within the Gales Creek stream channel. Defendant admitted that he paid Mr. Dober $3,100 to complete the stream alteration. Mr. Dober warned defendant that he was working in the creek

outside of the "in-water work period"[1] and Mr. Dober refused to perform any work unless defendant signed a release document stating, "Doing work directed by Robert H. Block, Jr. at [defendant's address]. Who which [sic] is responsible for everything that is done." A neighbor who provided defendant with hay bales also warned defendant that he could get into trouble for performing in-stream work.

As directed by defendant, Mr. Dober utilized a wheeled loader to move earthen materials within Gales Creek. During the course of the work, defendant and Mr. Dober moved approximately 100,000 pounds of material in and around Gales Creek, impacting an area approximately 700 feet long and 50 to 90 feet wide. *See* Exhibit A (photograph of the impacted area of Gales Creek).

During investigative interviews conducted by the EPA, the National Marine Fisheries Service (NMFS), and the U.S. Army Corps of Engineers, defendant admitted that he knew it was illegal to conduct the in-stream work he performed. Defendant stated "… he knew that he should not have entered the creek to do the work and hoped he would not get caught but he just decided he was going to do what he had to do to protect his property and he would 'just let the smoke clear.'" Defendant also stated, "Okay, I did it and I knew it was illegal, is that what you want me to say? I knew it was illegal; from the word go."

Defendant also admitted that he knew steelhead were present in Gales Creek adjacent to his property, and that in fact a non-profit organization (Clean Water Services) had offered to purchase the dam on defendant's property so that they could remove the dam to assist with fish passage.

---

[1] Even if defendant had secured a permit to alter the stream channel, any such permit would have allowed defendant to conduct the work only during a specified time of year (the "in-water work period").

**Page 3 -    GOVERNMENT'S SENTENCING MEMORANDUM**
            *United States v. Robert H. Block, No. CR 11-164-01 (BR)*

A NMFS biologist assessed the effects of defendant's stream altering activity in Gales Creek in October 2009, and concluded that defendant's actions significantly modified and degraded UWR steelhead habitat. That habitat destruction is significant because the affected reach of Gales Creek is an important spawning, incubation, and rearing area and an important migration route for UWR steelhead. The biologist concluded that as a result of the habitat destruction, threatened UWR steelhead were killed or injured and will continue to be adversely impacted. The biologist recommended several measures that could mitigate the damage, including the measures set forth in the EPA Restoration Plan.

## II.     GUIDELINES CALCULATION

The Probation Office accurately calculates defendant's total offense level of 8 and the advisory guidelines range of 0-6 months (based on defendant's criminal history category I and the factors set forth in 18 U.S.C. § 3553(a)).

## III.    SENTENCE RECOMMENDATION

Consistent with the plea agreement, the government respectfully recommends that the Court sentence defendant to five years of probation and impose the mandatory minimum fine of $2,500. The government recommends that one-half of the fine be applied as a community service payment to the Oregon Governor's Fund for the Environment. The Oregon Governor's Fund is dedicated to local environmental cleanup and restoration efforts focused on preserving and protecting Oregon's rivers, watersheds, and fish and wildlife.

In addition, defendant has agreed pursuant to the terms of the plea agreement to implement a plan to restore Gales Creek on and around his property (the EPA Restoration Plan). The EPA Restoration Plan primarily focuses on stabilizing the banks of the stream with plantings, and requires defendant to plant approximately 200 trees and 1,000 shrubs prior to

March 11, 2012. The government concurs with the Probation Office that compliance with the EPA Restoration Plan should be a condition of defendant's probation.

Although the guidelines allow for a period of up to six months incarceration, the government recommends a five-year period of probation, based largely upon the nature of the offense, defendant's acceptance of responsibility, and defendant's agreement to mitigate the harm by implementing the Restoration Plan. The agreed-upon recommended sentence is designed to provide just punishment for the offense, affords adequate deterrence to defendant and others, and protects the public from further crimes. 18 U.S.C. § 3553(a)(2)(A), (B), (C).

## IV.    CONCLUSION

For all of the reasons set forth herein, the government respectfully requests that the Court sentence defendant Robert H. Block, Jr. to five years of probation and impose the mandatory minimum $2,500 fine (one-half of which should be applied as a community service payment to the Oregon Governor's Fund for the Environment). The government further respectfully requests that the Court impose the Probation Office's recommended conditions of probation, including the requirement that defendant abide by all terms of the EPA Restoration Plan.

Respectfully submitted this 7th day of December, 2011.

        S. AMANDA MARSHALL
        United States Attorney
        District of Oregon

        /s/ *Stacie F. Beckerman*
        STACIE F. BECKERMAN
        Assistant United States Attorney

        /s/ *Patrick A. Flanagan*
        PATRICK A. FLANAGAN
        Special Assistant United States Attorney